# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SONJIA MACK, | Case No.: 2:18-cv-00799-APG-VCF |
| Plaintiff | **Order Certifying Questions to the Supreme Court of Nevada** |
| v. | |
| BRIAN E. WILLIAMS, et al., | |
| Defendants | |

I respectfully certify to the Supreme Court of Nevada the following questions of law that may be determinative of matters before me and as to which there is no clearly controlling precedent in the decisions of the Supreme Court of Nevada or the Nevada Court of Appeals:

- Is there a private right of action under the Nevada Constitution, Article 1, § 8?
- Is there a private right of action under the Nevada Constitution, Article 1, § 18?
- If there is a private right of action, what immunities, if any, can a state actor defendant raise as a defense?
- If there is a private right of action, what remedies are available to a plaintiff for these claims?

## I. BACKGROUND

Sonjia Mack sues state employees Brian Williams, James Dzurenda, Arthur Emling, and Maya Laurian, alleging she was unreasonably detained and strip searched without a warrant or her consent while visiting High Desert State Prison (HDSP). She also alleges the defendants indefinitely suspended her visiting privileges at HDSP without due process. She asserts federal constitutional claims under 42 U.S.C. § 1983 and their state law equivalents under the Nevada Constitution.

The defendants moved for summary judgment on all of Mack's claims but presented no arguments specific to the state law claims.  I granted summary judgment on Mack's federal procedural due process claim arising from the detention and strip search because the defendants are entitled to qualified immunity.  And I granted summary judgment in the defendants' favor on Mack's claims alleging cruel and unusual punishment, a procedural due process violation based on her suspended visiting privileges, and an equal protection violation.  I denied summary judgment on Mack's unreasonable search and seizure claims under federal and state law because the defendants are not entitled to qualified immunity and genuine issues of fact remain as to whether Mack consented to a strip search and whether the defendants had reasonable suspicion to conduct a strip search.  I also allowed Mack to proceed on her state procedural due process claim based on the detention and strip search because qualified immunity "does not shield defendants from state law claims." *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1171 (9th Cir. 2013).  Thus, the following claims remain pending: (1) deprivation of procedural due process under the Nevada Constitution Article 1, § 8 based on the defendants detaining and strip searching Mack without a warrant or her consent and against prison regulations; and (2) unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution and Article 1, § 18 of the Nevada Constitution.

Both parties moved for reconsideration.  I denied Mack's motion.  The defendants now argue that there is no private right of action under the Nevada Constitution.  They also argue that if such a right exists, Nevada courts would apply the doctrine of qualified immunity consistent with the corresponding federal constitutional case law.  I reconsidered the portion of my order allowing the state law claims to proceed because the Supreme Court of Nevada has not addressed whether a private cause of action exists under Nevada Constitution, Article 1, §§ 8 and 18.

1    Whether a private right of action exists under the Nevada Constitution and, if so, what

2    defenses and remedies are available are important and novel questions of Nevada law.  Thus, I

3    certify the above questions because (1) the Supreme Court of Nevada should be allowed to

4    interpret and decide important state law issues in the first instance; and (2) certification will save

5    time and judicial resources. *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008)

6    ("Certification of open questions of state law to the state supreme court can in the long run save

7    time, energy, and resources and helps build a cooperative judicial federalism, but its use in a

8    given case rests in the sound discretion of the federal court." (quotations and alterations

9    omitted)).

10   **II.  PARTIES' NAMES AND DESIGNATION OF APPELLANT AND RESPONDENTS**

11   Plaintiff: Sonjia Mack

12   Defendants: Brian E. Williams, Sr., James E. Dzurenda, Arthur Emling, Jr., and Myra Laurian.

13   Given that the defendants argue that they are entitled to summary judgment on Mack's

14   state law claims because there is no private right of action under the Nevada Constitution, I

15   designate the plaintiff as the appellant.

16   **III.  NAMES AND ADDRESSES OF COUNSEL FOR THE PARTIES**

17   Counsel for the plaintiff/appellant:

18       Travis N. Barrick
         Gallian Welker & Beckstrom, LC
19       540 East St. Louis Ave.
         Las Vegas, NV 89104

20

21   Counsel for defendants/respondents:

22       Aaron D. Ford
         Attorney General
23       Office of the Nevada Attorney General
         555 E. Washington Ave.

3

Suite 3900
Las Vegas, NV 89101

Henry H. Kim
Deputy Attorney General
Office of the Nevada Attorney General
555 E. Washington Ave.
Suite 3900
Las Vegas, NV 89101

Tiffany E. Breinig
Office of the Nevada Attorney General
555 E. Washington Ave.
Suite 3900
Las Vegas, NV 89101

**IV.  ANY OTHER MATTERS THE CERTIFYING COURT DEEMS RELEVANT TO A DETERMINATION OF THE QUESTIONS CERTIFIED**

I defer to the Supreme Court of Nevada to decide whether it requires any other information to answer the certified questions.  I do not intend my framing of the questions to limit the Supreme Court of Nevada's consideration of the issues.

**V.  CONCLUSION**

I THEREFORE ORDER the clerk of court to forward this order and my order on summary judgment (ECF No. 27) under official seal to the Supreme Court of the State of Nevada, 201 South Carson Street, Suite 201, Carson City, Nevada 89701-4702.

DATED this 17th day of July, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE