# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SONJIA MACK, | Case No.: 2:18-cv-00799-APG-VCF |
| Plaintiff | **Order** |
| v. | |
| BRIAN E. WILLIAMS, SR., | |
| Defendant | |

On July 17, 2020, I certified questions to the Supreme Court of Nevada. ECF No. 37. On October 13, 2020, the Supreme Court of Nevada entered an order indicating that the certified questions "may not be determinative once appellant's 42 U.S.C. § 1983 unlawful-search-and-seizure claim proceeds to trial." *Mack v. Williams*, Nev. S. Ct. No. 81513 (Oct. 13, 2020). The court posited that if Mack prevails on her § 1983 claim, then she may not be entitled to additional damages for her state law claims that are based on the same factual allegations. And if she does not prevail, then the respondents' conduct would have been reasonable and so would not have violated Mack's rights under state law either. *Id.* The court thus requested that I "clarify whether [the court's] above-mentioned understanding of the case is correct." *Id.* And it indicated it would take no further action until I responded. *Id.*

Unfortunately, I did not receive a copy of this order from the Supreme Court of Nevada, and the parties did not file it in this court's docket. I was unaware it existed until recently.

I now respond by clarifying that, in my view, the certified questions are dispositive of issues pending before this court regardless of how the § 1983 claim is resolved. The § 1983 claim is presently on appeal at the Ninth Circuit.[1] If the Ninth Circuit concludes that the § 1983

---

[1] Ninth Circuit Case No. 20-16590.

claim fails, then the only remaining claims in this case will be the state law claims, for which I will require guidance from the Supreme Court of Nevada regarding whether such claims exist, and if so, the remedies and defenses that apply. If the § 1983 claim is remanded for trial, I will still need the same guidance from the Supreme Court of Nevada because the § 1983 claim and the state law claims will proceed to trial at the same time. Thus, I and the parties will need to know whether the state law claims exist and what defenses may apply, so we may prepare for trial, instruct the jury, and prepare the verdict form. And because qualified immunity is a defense to the § 1983 claim, it is theoretically possible for the defendants to prevail on the § 1983 claim but still lose on the state law claims if qualified immunity is not also a defense to the state law claims.

Further, it is unclear whether Mack's damages would be redundant if she prevailed. It is possible a jury may find that vindication of independent constitutional rights warrants separate damage awards, even if one or both are only nominal. And among the certified questions are what remedies are available to Mack if her state law claims exist. Thus, it appears premature to conclude that her state law claims could not result in additional damages. I respectfully request that the Supreme Court of Nevada assist in this case by accepting and answering the certified questions.

I ORDER the clerk of court to forward this order under official seal to the Supreme Court of Nevada, 201 South Carson Street, Suite 201, Carson City Nevada 89701-4702.

DATED this 20th day of May, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE